IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
97 NOV 25 PM 3:52

| | |
|---|---|
| MARTHA A. CHURCHILL,<br><br>    Plaintiff<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant | CIVIL NO. 97-1030 MV/LCS |

## ANSWER

The defendant, Social Security Administration, (hereinafter, "Agency") by and through its attorney, the United States Attorney for the District of New Mexico, for its answer to plaintiff's complaint states:

1. Defendant admits the allegations contained in paragraph 1, in that the court has jurisdiction. However, defendant avers jurisdiction is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

2. Answering the allegations contained in paragraph 2 specifically, and the complaint generally, defendant admits the Agency has a duty to make available for public inspection and copying all final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases pursuant to 5 U.S.C. § 552(a)(2)(A). However, defendant avers that such a duty is limited to significant decisions of precedential value on which all adjudicators may rely in reaching decisions in other cases. The final opinions of the Agency issued by the Office of Hearings and Appeals consist of written decisions by

administrative law judges and the Appeals Council. Although the findings of fact and conclusions of law in a particular case are not relied on to adjudicate other cases, even if similar impairments or other comparable factors are present, some decisions are considered to be precedential and are selected to be published as Social Security Rulings, which then become binding on Agency adjudicators at all levels and are made available to the general public.

3. Answering the allegations contained in paragraph 3 specifically, the defendant admits that the Agency has a duty to maintain and make available for public inspection and copying current indices providing identifying information for the public as to any matter issued, adopted, or promulgated, but avers that such a duty is required pursuant to 5 U.S.C. § 552(a)(2)(E), rather than pursuant to § 552(a)(2)(C) as plaintiff alleges. Defendant further avers that these requirements are fulfilled by the publication of indices to the materials of the Agency listed in 20 C.F.R. §§ 402.55 and 402.60 which relate to Agency regulations, rulings, policies, and procedures. However, defendant denies the allegation contained in paragraph 3 that decisions by any Social Security Administrative Law Judge are the type of information contemplated for inclusion by the statute.

4. Defendant admits the allegation contained in paragraph 4 that plaintiff has made requests of the Agency for certain public information concerning the decisions issued by Administrative Law Judge (ALJ) Gary Vanderhoof. However, defendant denies that the

Agency has failed and refused to provide any meaningful response. Defendant further avers that the agency has a duty to provide a record in any form or format requested by the requestor if the record is readily producible by the agency in that form or format, and that the agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible the such purposes, pursuant to 5 U.S.C. § 552 (a)(3)(B). Defendant further avers that pursuant to 5 U.S.C. § 552 (a)(3)(C), when a search for records in electronic form in response to a request for records would significantly interfere with the operation of the agency's automated information system, the agency is not required to perform such a search. Defendant avers that the record format requested by plaintiff is not readily reproducible, in that the Agency does not routinely maintain a record or index of decisions in a format desired by plaintiff, with personally identifying information deleted. Defendant also avers, pursuant to 20 C.F.R. §402.120, that the Agency is not required to create new records merely to satisfy a request, in that the reproduction of records such a format would be unduly burdensome and costly, and would greatly interfere with the operation of the Agency's automated system, given the large number of records maintained in the information system.

5.  In answer to the allegations contained in paragraph 5, defendant has insufficient knowledge to either admit or deny those allegations.

6.  Defendant denies the allegations contained in paragraph 6.

3

7. Answering the allegations contained in paragraph 7, defendant does not have sufficient knowledge of plaintiff's beliefs to either admit or deny her allegation that she believes ALJ Vanderhoof is particularly biased against persons with mental illness. However, defendant denies the remainder of the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant avers that the allegations contained in paragraph 10 are plaintiff's summary and characterization of the referenced FOIA provisions to which no answer is required. Defendant would respectfully refer the court to the entire text of the referenced FOIA provisions set forth in 5 U.S.C. § 552(a)(2)(E), rather than § 552(a)(2)(C) as alleged by plaintiff.

11. Defendant denies the allegations contained in paragraph 11.

12. Answering the allegations contained in paragraph 12, the defendant denies that the release of the names of individual Social Security claimants would not pose an invasion of privacy. The fact that some names enter the public record when specific individuals appeal unsuccessful claims to federal court does not automatically make the names of all other claimants available as a matter of public record.

13. Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 13. However, the defendant avers that plaintiff's use of the requested records would not be solely as a statistical research or reporting record,

but rather, as documentation in support of her litigation against the Agency.

14. Defendant denies the allegations contained in paragraph 14 that the information sought is of public interest and should be disclosed at no charge. The remaining allegations are plaintiff's summary and characterization of the referenced FOIA provision to which no answer is required. Defendant would respectfully refer the court to the entire text of the FOIA provision set forth at 5 U.S.C. § 552(a)(4)(A)(iii).

15. Defendant denies the allegations contained in the first paragraph numbered 15.

16. Answering the second paragraph numbered 15, defendant admits that plaintiff has filed numerous complaints about ALJ Vanderhoof to the Chief ALJ in Dallas, Texas. Defendant has insufficient knowledge to either admit or deny the specific allegation relating to an individual complainant with a broken neck. In further answer to the allegations contained in the second paragraph numbered 15, defendant denies that it has "stonewalled" plaintiff and refused to take any action whatsoever to investigate or deal with plaintiff's allegations of bias.

17. Defendant denies the allegations contained in paragraphs 16 and 17.

18. In answer to the allegations contained in paragraph 18, defendant admits that plaintiff first requested information in mid-September 1996, and that her request was denied on May 9, 1997. Defendant denies all remaining allegations in sentence one of

paragraph 18. Defendant admits that plaintiff requested an opportunity to view actual decisions on May 23, 1997. However, defendant denies all remaining allegations contained in sentence two of paragraph 18.

19. Defendant does not have sufficient knowledge to either admit or deny an alleged statement made by an employee of the Agency regarding the time required to produce a two-month statistical sample of decisions rendered by ALJ Vanderhoof. However, statistical records of individual ALJ decisions are not maintained by the Agency, and therefore, defendant avers that a report of such a statistical sample could not be produced in 15 or 20 minutes.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant avers that the references to specific exhibits contained in paragraph 21 are not allegations of material fact but are plaintiff's list of exhibits attached to the complaint to which no answer is required, inasmuch the documents speak for themselves. Defendant denies that the listed exhibits are evidence of any failure on the part of the Agency to provide records reasonably requested by plaintiff.

22. The remainder of the complaint consists of plaintiff's prayer for relief, and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, it is denied. All allegations of the complaint not specifically admitted or denied are hereby denied.

WHEREFORE, defendant prays for judgment dismissing the complaint and for judgment in accordance with the provisions of the Freedom of Information Act as contained in 5 U.S.C. § 552, affirming the Social Security Administration's denial of plaintiff's request for information.

>Respectfully submitted,
>
>JOHN J. KELLY
>United States Attorney
>
>_____
>JOAN MARIE HART
>Assistant U.S. Attorney
>P.O. Box 607
>Albuquerque, NM 87103
>(505) 766-3341
>(505) 766-2868

OF COUNSEL:

Frank V. Smith III
   Acting Chief Counsel, Region VI
Sherry A. Elrod
   Assistant Regional Counsel
Robert T. Bowman
   Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
1200 Main Tower, Suite 1310
Dallas, Texas  75202

### CERTIFICATE OF SERVICE

I, Joan Marie Hart, Assistant United States Attorney for the District of New Mexico, hereby certify that a true and correct copy of the foregoing pleading was mailed to opposing counsel of record on this 21st day of November, 1997.

>_____
>JOAN MARIE HART
>Assistant U.S. Attorney

A:\CHRUCHIL.FOI