## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARTHA A. CHURCHILL,              )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )       Civil No. 97-1030 MV/LCS-ACE
                                  )
KENNETH S. APFEL,[1]/             )
Commissioner of Social Security,  )
                                  )
    Defendant                     )

### DEFENDANT'S RESPONSE TO PLAINTIFF'S BRIEF
### PURSUANT TO THE COURT'S ORDER OF APRIL 2, 1998

### I. STATEMENT OF THE CASE

**A.**    **Plaintiff's First Freedom of Information Act (FOIA) Request**

On September 18, 1996, plaintiff requested from the Albuquerque Hearing

Office, a component of the Office of Hearings and Appeals (OHA), various statistics

concerning decisions of and complaints against Administrative Law Judges (ALJs)

in the Albuquerque Hearing Office. Exhibit A to Plaintiff's Complaint Pursuant to

Freedom of Information Act (Plaintiff's Complaint). On September 24, 1996, Jeffrey

Smith, the Albuquerque Hearing Office Manager, notified plaintiff that her request

had been forwarded to a regional staff attorney, Anne Pate. Exhibit B to Plaintiff's

Complaint. On October 4, 1996, Ms. Pate notified plaintiff that her request for

---

[1]/ Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted, therefore, for Acting Commissioner John J. Callahan as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. 405(g).



statistics had been forwarded to Jack Wolf, the OHA FOIA coordinator in Falls Church, Virginia.  Exhibit C to Plaintiff's Complaint.  On January 28, 1997, Vincent Sanudo, a FOIA Officer, responded to plaintiff's request and notified plaintiff that OHA does not maintain the requested statistics.  He also could neither affirm nor deny the existence of complaints against ALJs, but notified plaintiff that such complaints would be exempt under exemption six of the FOIA.  Plaintiff was advised of her right to appeal this decision within thirty days to the Deputy Commissioner for Policy and External Affairs.  Exhibit I to Plaintiff's Complaint.  On February 4, 1997, plaintiff appealed the decision to the Deputy Commissioner for Policy and External Affairs.  Exhibit J to Plaintiff's Complaint.  On May 9, 1997, Darrell Blevins, a FOIA Officer, denied plaintiff's request for statistics, informing her that the agency does not maintain the requested statistics and the FOIA does not require the Agency to create records in response to a request.  Exhibit K to Plaintiff's Complaint.

      B.     <u>Plaintiff's Second, Third, and Fourth FOIA Requests</u>

On October 9, 1996, plaintiff made a new request to Mr. Wolf, asking for a copy of "Procedure to Review Complaints of Alleged Misconduct Against Administrative Law Judges."  Exhibit D to Plaintiff's Complaint.  On October 21, 1996, plaintiff made another request to Mr. Wolf for explanations concerning the Agency's response to the publication of "Social Security Administration Procedures Concerning Allegations of Bias or Misconduct by Administrative Law Judges."  She also asked for a copy of the procedures and the name, address, and telephone number of the

2

individual responsible for carrying out the procedures.  Exhibit E to Plaintiff's Complaint.  On October 31, 1996, plaintiff posed additional questions to Mr. Wolf concerning the procedures for investigating ALJ bias, and asked for the name, address, and telephone number of the individual in the Appeals Council responsible for investigating complaints of bias.  Exhibit F to Plaintiff's Complaint.  On December 6, 1996, Mr. Wolf responded to plaintiff's October 9, 21, and 31 requests, in which he enclosed responsive documents and a December 3, 1996 memorandum from Sarah Humphreys, Acting Special Counsel in OHA, explaining the basis for his decision.  Exhibits G and H to Plaintiff's Complaint.

C.   **Plaintiff's Fifth FOIA Request**

On May 23, 1997, plaintiff made a new request to Mr. Blevins, seeking a copy of every decision issued by ALJ Gary Vanderhoof in April 1996, with the names and social security numbers of the claimants redacted if necessary.  She also requested information about computerized data files concerning the decisions of various ALJs. Exhibit L to Plaintiff's Complaint.  On September 8, 1997, Mr. Blevins denied plaintiff's request.  He advised plaintiff that OHA did not maintain statistics showing the number of favorable and unfavorable decisions by individual ALJs.  Mr. Blevins stated that plaintiff could be provided with statistics showing total dispositions of ALJs.  A copy of an August 20, 1986 letter was attached explaining the agency's position concerning the availability of ALJ decisions for inspection and copying. Defendant's Exhibit A.

3

D.     **Plaintiff's Sixth FOIA Request**

On July 7, 1997, plaintiff made a new request to Mr. Smith in the Albuquerque hearing office, requesting the opportunity to read the decisions issued by ALJ Vanderhoof for the months of July and August 1996.  Exhibit M to Plaintiff's Complaint.  On July 11, 1997, Mr. Smith informed plaintiff that he was not the proper person to make FOIA request determinations and that she should continue to make her requests through the proper channels.  Exhibit N to Plaintiff's Complaint.

E.     **Information Requested in the Complaint**

On August 5, 1997, plaintiff filed a Complaint in this Court pursuant to the FOIA, 5 U.S.C. §§ 552(a)(2)(A) and 552(a)(2)(C).  In her Complaint, plaintiff seeks 1) a copy of every final decision issued by ALJ Vanderhoof, 2) an index showing the decisions granted and denied by ALJ Vanderhoof, 3) an index listing each decision granted or denied by other ALJs in the Albuquerque Hearing Office, 4) an index showing the number of unfavorable decisions of ALJ Vanderhoof which were appealed, indicating how many of those decisions were reversed or remanded on appeal, and 5) computer records for the purpose of obtaining statistics on the final decisions issued by the Albuquerque Hearing Office.  Plaintiff's Complaint at 6.

## II. ARGUMENT

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE 12(b)(1) AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE 12(b)(6).**

A.     Plaintiff Failed to Exhaust Her Administrative Remedies.

Plaintiff seeks to have this Court order the defendant to make available any and all final decisions issued by ALJ Gary L. Vanderhoof from the Albuquerque Hearing Office, various indices, and computer records. The Commissioner respectfully submits that plaintiff failed to exhaust her administrative remedies in this regard.

Initially, each of plaintiff's requests for information sent to Mr. Wolf and Mr. Smith were not proper FOIA requests. See Exhibits A, D, E, F, and M to Plaintiff's Complaint. Her FOIA requests should have been sent to the appropriate FOIA Director. See 20 C.F.R. §§ 402.125; 402.135 (1997); 20 C.F.R. §§ 422.427; 422.428 (1996).

Also, plaintiff has never properly requested the various indices or computer records she now requests in her Complaint. She merely asked if such records existed. Exhibit L to Plaintiff's Complaint. Under the FOIA, the agency is not required to answer questions. See 5 U.S.C. § 552(a). Thus, plaintiff's request for such information was never properly presented to the agency.

Likewise, plaintiff never requested every final decision of ALJ Vanderhoof, as she now requests in her Complaint. See Plaintiff's Complaint at 6. She merely requested a copy of his decisions from April 1996. Exhibit L to Plaintiff's Complaint. Thus, prior to filing her Complaint, plaintiff failed to exhaust her administrative remedies for her request for every decision issued by ALJ Vanderhoof.

Plaintiff filed the action now before this Court, enlarging her request to include any and all final decisions issued by ALJ Vanderhoof, as well as requests for various indices and computer records relating not only to the decisions of ALJ Vanderhoof, but also the other ALJs in the Albuquerque Hearing Office. See Plaintiff's Complaint at 6. The rule under the FOIA is that administrative remedies must be exhausted prior to judicial review. Pollack v. Dept. of Justice, 49 F.3d 115, 118 (4th Cir. 1995), cert. denied, 116 S. Ct. 130 (1995).

When a plaintiff attempts to obtain judicial review without first properly undertaking full and timely administrative exhaustion, her lawsuit is subject to dismissal. The failure of a plaintiff to properly exhaust her administrative remedies precludes a federal court of subject matter jurisdiction over a requester's claims. See McDonnell v. United States, 4 F.3d 1227, 1240 (3rd Cir. 1993); Jones v. Shalala, 887 F. Supp. 210, 214 (S.D. Iowa 1995); see also Fed. R. Civ. P. 12(b)(1). Further, pursuant to Rule 12 of the Federal Rules of Civil Procedure, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Tenth Circuit has held that pursuant to Rule 12(h)(3), a court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. Tuck v. United Services Automobile Assn., 859 F.2d 842, 844 (10th Cir. 1988), cert. denied, United Services Auto. Assn. v. Tuck, 489 U.S. 1080 (1989), citing Basso v. Utah

6

Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  The Court further held that
jurisdiction cannot be waived, and jurisdiction cannot be conferred upon a federal
court by consent, inaction, or stipulation. Id.  The United States Supreme Court also
held that subject matter jurisdiction cannot be waived by failing to challenge
jurisdiction early in the proceedings.  Insurance Corp. of Ireland, Ltd. v. Compagnie
des Bauxites de Guinee, 456 U.S. 694, 702 (1982).  The Commissioner submits,
therefore, that because plaintiff has failed to exhaust her administrative remedies
in this matter, this Court does not have subject matter jurisdiction over plaintiff's
claims, and the cause must be dismissed.

> B.    Plaintiff's Requests for Various Indices Are Not Properly
>       Founded Pursuant to Statute.

Plaintiff also seeks to have this Court order the defendant to provide various
indices showing, inter alia, decisions granted or denied by ALJ Vanderhoof and
other ALJs in the Albuquerque hearing office, and the number of unfavorable
decisions of ALJ Vanderhoof which were appealed and how many of those were
reversed or remanded on appeal.  Plaintiff's Complaint at 6. Assuming plaintiff's
requests for indices pertain to existing records, it is the Commissioner's position
that the Court has no subject matter jurisdiction to consider these requests because
plaintiff failed to exhaust her administrative remedies, as discussed above.

Plaintiff's demand for the creation of new indices is likewise outside the
Court's jurisdiction.  The Commissioner submits that such requests are not within

the jurisdiction of this Court pursuant to the FOIA, and must properly be brought in a separate action pursuant to the Administrative Procedure Act ("APA").[2]/

The FOIA provides jurisdiction only for the Court to order production of existing records improperly withheld from the plaintiff, not the jurisdiction to decide whether or not the agency is properly complying with the sections of the FOIA prescribing the types of documents which an agency must make available under the "reading room" requirements of the FOIA. See 5 U.S.C. § 552(a)(4)(B). The language of the statute limits relief under the FOIA to disclosure of records to a particular requester. It does not authorize a court to order publication of information, even information required to be published under subsection (a)(1) of the statute, nor does it empower a court to order that specific agency records be made available for public inspection and copying in an agency reading room under subsection (a)(2). See Kennecott Utah Copper Corp. v. U.S. Dept. of the Interior, 88 F.3d 1191, 1203 (D.C. Cir. 1996). See also, 5 U.S.C. §§ 552(a)(1), (a)(2). The court in Kennecott held that the FOIA provided that district courts could order the production of any agency records improperly withheld from the complainant, not agency records withheld from the public. 88 F.3d at 1203.

The United States Supreme Court further elaborated upon the definition of agency records, explaining that "an agency must first either create or obtain a

---

[2]/ This is not to suggest that the APA is itself an independent grant of jurisdiction. See Califano v. Sanders, 430 U.S. 99 (1977).

record as a prerequisite to its becoming an 'agency record' within the meaning of the FOIA." Forsham v. Harris, 445 U.S. 169, 182 (1980).  More recently, the Supreme Court further refined the definition of an agency record by requiring that a record be in the agency's possession for official purposes at the time of the FOIA request. United States Department of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989).

The Social Security Administration does not maintain the indices plaintiff is requesting.  See Declaration attached as Defendant's Exhibit C at 2-3, 7.  Therefore, it is not a record for FOIA purposes.  Thus, it is not within the jurisdiction of this Court pursuant to the FOIA to order the agency to produce records in the form of indices that the agency does not already compile in its system of records.

If plaintiff seeks relief for an alleged legal wrong because of a purported action or inaction, she must properly bring that suit under the APA.  Section 702 of the APA provides that a person adversely affected or aggrieved by agency action within the meaning of a relevant statute may bring an action against the agency to seek relief other than money damages for a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity.  5 U.S.C. § 702.  If plaintiff in the instant case seeks to force compliance on the part of the Social Security Administration for an alleged noncompliance with the FOIA, she must first properly bring her action under the appropriate statute.  She has not, so plaintiff has not stated a claim upon which relief can be granted.  Therefore, this Court must reject plaintiff's claim for relief.  See Fed. R. Civ. P. 12(b)(6).

C.    The Commissioner Is In Full Compliance With Section 552(a)(2)
      of the FOIA.

Pursuant to the requirements of § 552(a)(2) of the FOIA, the Social Security

Administration has promulgated regulations providing for the publication in the

"Social Security Rulings" of indices of precedential social security orders and

opinions issued in the adjudication of claims, statements of policy, and

interpretations which have been adopted but have not been published in the Federal

Register.  See 20 C.F.R. § 402.35(a)(4).  Although not required by the FOIA, the

agency also publishes Social Security Rulings in the Federal Register under the

authority of the Commissioner of Social Security.  These Rulings are binding on all

components of the agency, and they represent precedent final opinions and orders

and statements of policy and interpretations that the agency has adopted.  See 20

C.F.R. § 402.35(b)(1).

The agency's publication of precedent final opinions in the form of Social

Security Rulings is in full compliance with the intent of Congress when it enacted the

FOIA.  In support of this position, the Commissioner directs the Court's attention to

House Report No. 89-1497, attached to this brief as Defendant's Exhibit B, with

relevant portions highlighted.  The House Report was issued at the time the FOIA

was under consideration, to recommend its passage and offer explanation of

Congressional attempts to "reach a workable balance between the right of the public

to know and the need of the Government to keep information in confidence to the

extent necessary without permitting indiscriminate secrecy."  House Report 89-1497

10

at 25.  In delineating the requirements for making documents available to the public,

the report further states

> "Subsection (b) would help bring order out of the confusion of agency
> orders, opinions, policy statements, interpretations, manuals, and
> instructions by requiring each agency to maintain for public inspection
> an index of all the documents having <u>precedential</u> significance which
> would be made available or published under the law.  The indexing
> requirement will prevent a citizen from losing a controversy with an
> agency because of some obscure or hidden order or opinion which the
> agency knows about but which has been unavailable to the citizen
> simply because he had no way to discover it."

<u>Id</u>. at 26. (Emphasis added.)

Thus, it is clear that it was not the intent of Congress to impose a requirement

upon government agencies to publish every decision in every matter, but rather to

make available to the public those decisions which an agency adopts as a basis for

policy, procedure, or other action by all components of the agency.    The

Commissioner submits that its publication of precedent opinions as Social Security

Rulings fulfills the intent of Congress to prevent the public from being harmed by

some "secret law," and fully complies with the section (a)(2) requirements of the

FOIA.  Accordingly, the relief sought by plaintiff must be denied.

D.    <u>The Social Security Administration Is Not Required to Perform
      Overly Burdensome Searches and Production of Records, and
      Cannot Violate the Privacy Act.</u>

An agency has a duty to provide a record in any form or format requested by

the requestor if the record is readily reproducible by the agency in that form or

format, and the agency shall make reasonable efforts to maintain its records in

forms or formats that are reproducible for such purposes. 5 U.S.C. § 552(a)(3)(B). When a search for records in electronic form in response to a request for records would significantly interfere with the operation of the agency's automated information system, the agency is not required to perform such a search. 5 U.S.C. § 552(a)(3)(C). In the instant case, the record format requested by plaintiff is not readily reproducible, in that the agency does not routinely maintain a record or index of decisions in a format desired by plaintiff, with personally identifying information deleted. See Defendant's Exhibit C at 2-3, 7. Further, the agency is not required to create new records merely to satisfy a request. 20 C.F.R. § 402.120. Additionally, the reproduction of records in such a format would be unduly burdensome and costly, and would greatly interfere with the operation of the agency's automated system, given the large number of records maintained in the information system. See Defendant's Exhibit C at 2-8; 5 U.S.C. § 552(a)(3)(C).

Plaintiff contends that she is entitled to the ALJ decisions without redaction of personally identifying information. Plaintiff's Brief Pursuant to the Court's Order of April 2, 1998 (Plaintiff's Brief) at 18-19. Such an argument is without merit. An ALJ's decision may include claimants' names, social security numbers, financial information, and highly personal medical information. Exemption six of the FOIA specifically exempts personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). The privacy interest protected from unwarranted invasion by exemption

12

six encompasses the individual's control of information concerning his or her person. Sheet Metal Workers Int'l Assn. v. U.S. Air Force, 63 F.3d 994, 996 (10th Cir. 1995).   The Courts have consistently upheld the nondisclosure of medical information, see U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762 (1989); McDonnell, 4 F.3d at 1254; and social security numbers.  See Norwood v. FAA, 993 F.2d 570, 575 (6th Cir. 1993); Kuffell v. U.S. Bureau of Prisons, 882 F.Supp.  1116, 1122 (D.D.C. 1995); see also 20 C.F.R. § 402.100(c) (1998) (examples of commonly withheld information).  The Tenth Circuit even upheld the nondisclosure of names and addresses in payroll records.  Sheet Metal Workers Int'l Assn, 63 F.3d 994.  Certainly, information about a claimant's highly personal medical and financial condition merits an equal if not greater privacy interest.  As with the actual ALJ decisions, the agency would likewise be precluded from compiling indices requested by plaintiff that would include claimants' names, social security numbers, or other identifying information.[3]/

Thus, even if ALJ decisions or indices were made available, such documents must have personally identifying information redacted.  Granted, the FOIA requires that "any reasonably segregable portion" of a record must be released after deletion of the portions which are exempt under one of the nine FOIA exemptions.  5 U.S.C.

_____

[3]/ The agency's violation of the Privacy Act by the disclosure of such information could subject the agency or its representatives to substantial civil and criminal penalties.  See 5 U.S.C. §§ 552a(g)(1); 552a(I)(1); 42 U.S.C. § 1306 ($10,000 fine for each occurrence and/or imprisonment not to exceed five years).

§ 552(b).   However, if an agency determines that nonexempt material is so inextricably intertwined that disclosure of it would leave only essentially meaningless words and phrases, the entire record may be withheld.  <u>See</u> <u>Neufeld v. IRS</u>, 646 F.2d 661, 663 (D.C. Cir. 1981); <u>see</u> <u>also</u> <u>Yeager v. DEA</u>, 678 F.2d 315, 322 n.16 (D.C. Cir 1982)(concluding it was appropriate to consider "intelligibility" of document and burden imposed by editing and segregation of nonexempt matters). An ALJ's decision regarding disability benefits is a factual decision based primarily upon a claimant's medical condition.  <u>See</u> 20 C.F.R. §§ 404.1545; 404.1546 (1998). An ALJ's decision without the medical evidence upon which he based his decision would be meaningless.

In support of the Commissioner's argument that the maintenance of records in a redacted format available for public inspection would be overly burdensome and the cost to the agency to redact the voluminous number of ALJ decisions issued would be prohibitive, the Commissioner refers the Court to the Declaration attached as Defendant's Exhibit C.  Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden of proof.  <u>Carney v. United States Department of Justice</u>, 19 F.3d 807, 812 (2nd Cir. 1994)(sufficient to sustain a summary judgment motion), <u>cert. denied</u>, 513 U.S. 823 (1994).  Furthermore, they are "accorded a presumption of good faith." <u>Id.</u>, citing <u>Safecard Servs., Inc. v. SEC</u>, 926 F.2d 1197,

1200 (D.C. Cir. 1978).  Any factual assertions contained therein shall be accepted as true unless the facts are controverted by the opposing party through affidavits or other documentary evidence.  <u>See</u> <u>Western Journalism Ctr. v. Office of the Independent Counsel</u>, 926 F.Supp. 189, 191 (D.D.C. 1996), <u>summary affirmance granted</u>, No. 96-5178, 1997 WL 195516, at 1 (D.C. Cir. Mar. 11, 1997).

### E.   <u>Plaintiff Is Not Entitled to a Waiver of Fees.</u>

Plaintiff contends that she is entitled to the requested information at no charge or a reduced charge because the information is of public interest.  Plaintiff's Complaint at 3; Plaintiff's Brief at 4.  Fees may be waived or provided at a reduced charge if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.  5 U.S.C. § 552(a)(4)(A)(iii).  Plaintiff has the burden of establishing that the disclosure would be in the public interest and not primarily in her commercial interest.  <u>Carney</u>, 19 F.3d at 814.

FOIA fee waiver decisions are reviewed <u>de novo</u>, with review limited to the record before the Agency.  5 U.S.C. § 552(a)(4)(A(vii); <u>Friends of the Coast Fork v. U.S. Dept. of the Interior</u>, 110 F.3d 53, 54 (9th Cir. 1997).  Plaintiff was not entitled to a fee waiver because she was not entitled to the requested information.  Regardless, assuming plaintiff was entitled to the requested information, she would not be entitled to a fee waiver because there is nothing in the record to indicate that she

15

requested it during the administrative proceedings before the agency. See American Federation of Government Employees v. Hanlon, 907 F.2d 203, 208 (D.C. Cir. 1990); 20 C.F.R. § 402.185(e) (1998) (fee waiver or reduction request must be made at the same time as the request for records). Requesters seeking a fee waiver must exhaust their administrative remedies prior to seeking judicial relief. Voinche v. U.S. Dept. of the Air Force, 983 F.2d 667, 669 (5th Cir. 1993), cert. denied, 510 U.S. 817 (1993). Plaintiff's failure to demonstrate a public interest before the agency cannot be remedied by doing so before this Court. See National Treasury Employees Union v. Griffin, 811 F.2d 644, 648 (D.C. Cir. 1987).

Further, even if requested before the agency, plaintiff would not qualify for a "public interest" fee waiver. In determining whether plaintiff would be entitled to the waiver, it is relevant to consider the subject matter of the request as it relates to the public's understanding of government and the ability of the requester to disseminate the information. Carney, 19 F.3d at 814; see 20 C.F.R. § 402.185 (1998). Insofar as plaintiff seeks information merely to advance private lawsuits or administrative claims, disclosure is less likely to contribute to public understanding. See McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1287 (9th Cir. 1987). Further, a redacted version of ALJ decisions will provide little if any information to the public, as discussed above. Plaintiff's argument also fails because she has not stated any ability to disseminate the information to the public. She is merely one plaintiff's attorney. She is not a member of the media, a teacher, or a publisher.

16

Without specific information in the record regarding plaintiff's ability to disseminate the information to the public, the Court has no reason to conclude that the disclosure will have the requisite significance to the public. See Id. at 1286; 20 C.F.R. § 402.185(b)(3) (1998).

The Commissioner submits that plaintiff is a commercial requester. Commercial interests are interests relating to business, trade or profit. 20 C.F.R. § 402.185(c)(1) (1998). Individuals, profit and non-profit organizations, corporations, unions, and other associations may have commercial interests. Id. Plaintiff, the requester, is an attorney whose main area of practice is the representation of Social Security disability claimants. Plaintiff's Complaint at 2; Plaintiff's Brief at 2. Because plaintiff's trade is handling disability cases, and she believes the disclosure of the requested decisions will assist her in the handling of disability cases, see Plaintiff's Brief at 4, plaintiff should be treated as a commercial requester. As such, she would be responsible for reasonable costs incurred for document search, review, and duplication. 5 U.S.C. § 552(a)(4)(A)(ii)(I); 20 C.F.R. § 402.155(a) (1998).

As a commercial requester, the agency estimates that it would cost $94,143.70 to process plaintiff's request. See Declaration attached as Defendant's Exhibit D. Note that this is only the estimated fee associated with the decisions of ALJ Vanderhoof from 1994 through 1998, and does not include the chargeable computer costs associated with the search. See 20 C.F.R. § 165(b) (1998). Obviously, there

is an additional unrecoverable cost associated with the diversion of scarce agency resources.   While the agency could refine this estimated fee at a later date, the Commissioner would require advance payment of the $94,143.70 fee before work is begun to search for plaintiff's request, see 5 U.S.C. §§ 552(a)(4)(A)(iv)(II); 552(a)(4)(A)(v), as well as payment before the records are released. See 20 C.F.R. § 402.180(c) (1998).[4]/

Plaintiff would also be responsible for search fees even if the search was unsuccessful or the found information was exempt from disclosure.  20 C.F.R. § 402.175(e) (1998).  Thus, even if the Court had jurisdiction to order the relief plaintiff demands, it should not do so until plaintiff agreed to pay the estimated $94,143.70 fee. Plaintiff has not offered full payment of fees as an alternate position.  However, as discussed above, this issue is moot because plaintiff is not entitled to the requested information.

## III. CONCLUSION

Plaintiff made numerous requests before the agency concerning various statistics, ALJ decisions, and computer records.  However, at no time did she

---

[4]/ Even if plaintiff were not considered a commercial requester, she would still be responsible for charges for document search and duplication that exceeded the first two hours of search time and one hundred pages of duplication.  See 5 U.S.C. §§ 552(a)(4)(A)(ii)(III); 552(a)(4)(A)(iv)(II); 20 C.F.R. § 155(c). It would cost more than $43,000.00 to process plaintiff's request as a non-commercial requester.  See Defendant's Exhibit D (commercial requester fee less cost of review time, first two hours of search, and first one hundred copies).  The Commissioner would require advance payment of this fee as well.  See 5 U.S.C. § 552(a)(4)(A)(iv)(II); 20 C.F.R. § 402.180(c) (1998).

request all of ALJ Vanderhoof's decisions and various indices at the administrative level, which she now requests in the Complaint. Clearly, plaintiff has failed to properly present her claims to the agency and to exhaust her administrative remedies. As such, this Court has no subject matter jurisdiction to hear plaintiff's FOIA Complaint. Further, even if plaintiff's earlier requests had been proper in form, the agency could not produce every ALJ decision because the search and necessary redaction would be overly burdensome, and because this is not required under the FOIA or the agency's regulations. Regarding the indices, it is the Commissioner's position that the agency is in full compliance with the FOIA by only publishing precedent opinions in the form of Rulings. Regardless, this Court has no jurisdiction to consider this issue because plaintiff's request for indices is properly brought under the APA and not the FOIA.

For the above reasons, the Commissioner respectfully requests that this Court dismiss plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6).

Respectfully submitted,

JOHN J. KELLY
United States Attorney


JOAN MARIE HART
RONALD F. ROSS
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103

_Ronald F. Ross_

**RONALD F. ROSS**
**Assistant U.S. Attorney**
**P.O. Box 607**
**Albuquerque, New Mexico 87103**

**OF COUNSEL:**

**Tina M. Waddell**
    **Chief Counsel, Region VI**
**Mark J. Kingsolver**
    **Deputy Chief Counsel**
**Sherry A. Elrod**
    **Assistant Regional Counsel**
**Robert T. Bowman**
    **Assistant Regional Counsel**
**SGC-1, Room 430**
**Office of the General Counsel**
**Social Security Administration**
**1301 Young Street, Suite 130**
**Dallas, Texas  75202-5433**

## CERTIFICATE OF SERVICE

I, Joan Marie Hart, Assistant United States Attorney for the District of New Mexico, hereby certify that a true and correct copy of the foregoing "Defendant's Response to Plaintiff's Brief Pursuant to the Court's Order of April 2, 1998" was served on Mr. Dennis W. Montoya, attorney for plaintiff, 1905 Lomas Blvd., NW, Albuquerque, New Mexico 87104, by depositing same in the United States mail in a franked envelope on this _16th_ day of October, 1998.

_Joan Marie Hart_

**JOAN MARIE HART**
**Assistant U.S. Attorney**
**District of New Mexico**

N:\UDD\TNELSON\SOCSEC\CHURCHIL.BRF

THE EXHIBITS ATTACHED TO THE

COMPLAINT IN THIS CASE ARE TOO

VOLUMINOUS TO SCAN.  THE EXHIBITS

ARE ATTACHED TO THE ORIGINAL

COMPLAINT IN THE CASE FILE

LOCATED IN THE RECORDS

DEPARTMENT U. S. DISTRICT COURT

CLERK'S OFFICE.