IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARTHA CHURCHILL,**

    Plaintiff,

vs.                                                  No. CIV 97-1030 MV/LCS

**KENNETH S. APFEL, Commissioner**
**of Social Security,**

    Defendant.

### SECOND ORDER SETTING SETTLEMENT CONFERENCE

This matter comes before the Court *sua sponte*. A settlement conference was held in this matter on December 8, 1998. Attorneys for the Defendant traveled from Dallas, Texas and Falls Church, Virginia to attend the settlement conference in person. The Plaintiff, without notice to the Court, did not attend the settlement conference in person, but rather sent an agent who purportedly had full settlement authority. By the end of the settlement conference which lasted for at least five hours, resolution of the case was imminent with only a couple of relatively minor matters left unresolved. I subsequently heard from counsel that the case was no longer resolved. I believe the settlement unraveled because of the Plaintiff's failure to attend the December settlement conference in person. Based on the above circumstances and in the interest of justice, the Court finds that a second Settlement Conference is warranted;

IT IS, THEREFORE, ORDERED that this matter is hereby set for Settlement Conference on **MAY 3, 1999 AT 11:00 A.M.**, before United States Magistrate Judge Leslie C. Smith, at the **U.S. COURTHOUSE, 200 E. GRIGGS, LAS CRUCES, NEW MEXICO 88001**.

IT IS FURTHER ORDERED that **Ms. Churchill and her attorney must attend the settlement conference in person.  The Defendant's representative and the Defendant's attorneys may attend the settlement conference telephonically.**  Each party must attend through a person who has the power to change that party's settlement posture or the method of resolution of the action during the course of the conference.  Moreover, the person attending must have the authority to settle the case regardless of the demand.  A person with "caps" or "limits" to his or her settlement authority does not meet this requirement.  If the purpose of the conference is thwarted by this requirement not being met, sanctions, to include attorney fees and costs, may be imposed. (See F.R. Civ. P. 16(f).)

IT IS FURTHER ORDERED that sanctions pursuant to Rule 16 of the Rules of Civil Procedure will be considered for parties not negotiating in good faith.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**